**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**MARCUS WRIGHT,**

                    **Plaintiff,**

**v.**                                              **Civil Action No. 3:22-CV-70**
                                                    **(GROH)**

**FBOP MENTAL HEALTH SERVICES,**
**USP HAZELTON,**
**FBI OF SAN ANTONOIO TEXAS,**
**and**
**U.S. PROSECUTORS OF**
**SAN ANTONIO TEXAS,**

                    **Defendants.**

**REPORT AND RECOMMENDATION TO DENY**
**PLAINTIFF'S MOTION FOR PRELIMINARY**
<u>**INJUNCTION OR TEMPORARY RESTRAINING ORDER**</u>

## I.      INTRODUCTION

On April 14, 2022, the *pro se* Plaintiff, a federal inmate who is incarcerated at

Hazelton USP in Bruceton Mills, West Virginia, initiated this action and filed a motion for

an emergency injunction.  ECF Nos. 1, 2.   In his motion for an injunction, Plaintiff claims

he has a neurological deficit disorder and is not currently being treated for his mental

health.  ECF No. 2 at 1.   Further, he claims that a "federal psychologist Ms. Tenille

Warren" who made a determination on Plaintiff's competency to stand trial while he was

housed in the Houston Detention Center, placed misinformation in his file which led to his

lack of treatment.  <u>Id.</u> at 1 – 2.  Plaintiff asserts that on or about "February 30, 2021" [sic]

while he was confined at Terre Haute USP, he was classified as a sex offender.  Plaintiff

contends that his classification as a sex offender has made him a target of harassment

by prison administrators.  Id. at 3.  Plaintiff further asserts that once he arrived at USP Hazelton on February 28, 2022, he sought assistance from mental health officials and requested Special Investigation Services (SIS) because he was convicted sex offender who was falsely labeled as a gang member based on the determinations of employees at FCI Terre Haute SIS and Unit Team officials.  Id.  Plaintiff claims that Hazelton FCI mental health staff have overlooked his special needs and safety risk factors regarding his sex offender status and his false identification as a gang member.  Id. at 4.  As relief, Plaintiff asks the Court to: (1) prohibit the Defendants from harassing him or retaliating against him for pursuing post-conviction legal remedies [Id.]; (2) direct federal officials to [cease] and desist assault and murder "aimed against" him, and hold BOP officials responsible for any injury incurred by Plaintiff [Id. at 5]; (3) authorize BOP to obtain a mental evaluation of Plaintiff at an outpatient federal institution [Id.]; and (4) direct BOP to place Plaintiff in protective custody from other inmates [Id.].

Attached to his motion is a four-page handwritten affidavit which asserts that Plaintiff has been "subjected to disciplinary punishment . . . for my refus[al] to go out to the [general] prison population" which he claims is "the exact equivalent of me seeking and requesting protective custody."  ECF No. 2-2 at 2 – 3.

## II.   LEGAL STANDARD

### A.   Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).

2

**B.     Requests for Injunctive Relief**

The Fourth Circuit reviews "a district court's decision to grant a preliminary injunction under an abuse-of-discretion standard."  International Refugee Assistance Project v. Trump, 883 F.3d 233, 255 – 56 (4th Cir. 2018), as amended (Feb. 28, 2018). The standard for granting injunctive relief was articulated by the United States Supreme Court which held in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial."  A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)).  This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo.  See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the

situation demands such relief").

### III.   ANALYSIS

Plaintiff claims that BOP officials have retaliated against him because he has attempted to seek legal remedies.  ECF No. 2 at 4.  Other than his broad claims, Plaintiff provides no specific details to support his claims of maltreatment at Hazelton.  Id. Further, Plaintiff requests protection from both fellow inmates and BOP officials.

Although Plaintiff alleges that his civil rights have been violated and that he is at risk for bodily harm in his current placement at Hazelton USP, he does not meet the four-part Winter test for issuance of a preliminary injunction.  First, Plaintiff has not shown he is likely to succeed on the merits in regard to his Bivens claim.   A notice of deficient pleading was issued on the same date Plaintiff initiated this action, based on Plaintiff's failure to file his complaint on the Court-approved form.  ECF No. 5.  Accordingly, Plaintiff has failed to provide any evidence to support the first prong of the Winter test in relation to his request for injunctive relief.

Second, Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief.  Plaintiff's claims that he was retaliated against by BOP officials and is now exposed to threats from fellow prisoners are impossible to assess because Plaintiff has provided no facts to support his claims.  The few facts that Plaintiff asserts in relation to BOP officials' actions which he contends constitute "retaliation" did not occur in this jurisdiction.  Further, Plaintiff has provided no facts to support his claims that he is at risk of harm from officials or inmates in the Northern District of West Virginia.  Further, at the time he filed his motion for an injunction, Plaintiff had suffered no articulated harm.

Accordingly, it appears to the Court that other than his broad claims, that Plaintiff has failed to submit any evidence which demonstrate a need for a temporary restraining order or preliminary injunction, and has failed to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief.   Thus, Plaintiff has failed to demonstrate that he meets the second prong of the Winter test.

Because Plaintiff is unable to meet either of the first two prongs of the Winter test, the Court need not consider the third or fourth prongs.  Further, because Plaintiff is unable to meet all four parts of the Winter test for issuance of an injunction, his motion for an injunction filed on April 14, 2022, is without merit.  Moreover, to the extent that Plaintiff's motion seeks to mandate action by the Defendants, Plaintiff has failed to demonstrate that he is entitled to extraordinary relief because he has failed to demonstrate that the exigencies of the situation demand such relief.

Moreover, on April 22, 2022, counsel for Defendants, by special appearance, filed an exhibit under seal regarding Plaintiff's medical evaluation at Hazelton.  ECF No. 10. That medical record refutes Plaintiff's claims that officials have failed to treat Plaintiff, and confirms that Plaintiff has been notified of the process for requesting further medical or psychological services.  Id.

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the request for injunction relief filed on April 14, 2022 [ECF No. 2] be **DENIED.**

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which**

**objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:      April 25, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE